Fill in this information to identify your case:

Debtor 1: Angela Marie Farmer
         First Name    Middle Name    Last Name

Debtor 2: _____
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA

Case number: _____
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

_____

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor    Angela Marie Farmer                              Case number    _____

Check one:    ☐ 36 months    ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $1,550.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

§ 2.2    **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

§ 2.3    **Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

§ 2.4    **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5    **[Intentionally omitted.]**

§ 2.6    **Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | **Treatment of Secured Claims** |

§ 3.1    **Maintenance of payments and cure of default, if any.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

Debtor    Angela Marie Farmer      Case number _____

**§ 3.2**    **Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3**    **Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| AMERICAN CREDIT ACCEPTAN | 2016 BMW 328i 80000 miles | Opened 6/13/2020 Last Active 6/1/2023 | $22,662.00 | 9.5% | $200.00 | $200 Stepping to $1226 in May 2024 |
| United BMW service and parts | 2016 BMW 328i 80000 miles | | $2,121.00 | 9.5% | $50.00 | $50.00 Stepping to $200 in May 2024 |

**§ 3.4**    **Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5**    **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6**    **Other Allowed Secured Claims.**

Debtor     Angela Marie Farmer                              Case number

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of   8.50   %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

§ 4.1    **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2    **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3    **Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $   4,950.00   . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $   626.00   per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $   2500.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $   2500.00   , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

§ 4.4    **Priority claims other than attorney's fees.**

☐    **None.**   *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Debtor    Angela Marie Farmer    Case number _____

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $0.00 |

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced*.

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced*.

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one*.

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed

Debtor   Angela Marie Farmer                           Case number

by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Thomas Hicks | Residential Lease | $4,920.00 | $550 |

### Part 7: Vesting of Property of the Estate

**§ 7.1**   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1**   **Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

Debtor's student loans shall be deferred throughout the term of the bankruptcy. When Debtor's student loans do not remain in deferment, they will be repaid directly by Debtor.

**Title pawn. TitleMax's claim and accompanying collateral will no longer be property of estate pursuant to O.C.G.A §44-14-403, if Debtor has failed to take an affirmative action within the sixty-days (60) redemption period.** *See In Re Northington*, 550 B.R. 644 (11th Cir. 2016); *see also* *In Re Lewis*, 137 F.3d 1280 (11th Cir. 1998). **Therefore, since Debtor has failed to take an affirmative act to redeem said collateral, TitleMax's claim and collateral**

### Part 9: Signatures:

**§ 9.1**   **Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  /s/ Angela Marie Farmer                                  X
   Angela Marie Farmer                                          Signature of debtor 2 executed on
   Signature of debtor 1 executed on   July 29, 2023

   424 High Creek Trace
   Roswell, GA 30076
   Address            City, State, ZIP code                   Address            City, State, ZIP code

X  /s/ Winn Keathley                                  Date:  July 29, 2023
   Winn Keathley
   Signature of attorney for debtor(s)

   King & king Law LLC                                   215 Pryor street- SW
                                                         Atlanta, GA 30303-3748
   Firm                                                  Address           City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

United States Bankruptcy Court

Northern District of Georgia

In re:  
Angela Marie Farmer  
Debtor

Case No. 23-57248-pmb  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 113E-9     User: bncadmin     Page 1 of 2  
Date Rcvd: Jul 31, 2023     Form ID: pdf589     Total Noticed: 29

The following symbols are used throughout this certificate:  
**Symbol   Definition**

\+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^   Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 24369578 | | Automobile Acceptance, 7205 Tara Boulevard, Jonesboro, GA 30236-1901 |
| 24369588 | + | Hulania Farmer, 4054 Elm Street, Atlanta, GA 30341-1654 |
| 24369591 | + | Kaiser Permanente, 2525 Cumberland Pkwy., Atlanta, GA 30339-3915 |
| 24369594 | + | Mibab Orthodontics, 3005 Old Alabama Road, Alpharetta, GA 30022-8594 |
| 24369597 | + | Smile Doctors, 300 Morgan Street, Harker Heights, TX 76548-7204 |
| 24369599 | + | Thomas Hicks, 4480 Coventry Way, Roswell, GA 30075-1964 |
| 24369600 | + | Titlemax, 10475 Alpharetta St, Roswell, GA 30075-3756 |
| 24369601 | | Trexis Insurance, PO BOX 11189, Montgomery, AL 36111-0189 |
| 24369602 | + | United BMW service and parts, 11458 Alpharetta Hwy, Washington, DC 20076-0001 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 24369577 | + | Email/Text: bankruptcy@acacceptance.com | Jul 31 2023 21:12:00 | AMERICAN CREDIT ACCEPTAN, 961 E MAIN ST 2ND FLOOR, SPARTANBURG, SC 29302-2185 |
| 24369579 | | Email/Text: caineweiner@ebn.phinsolutions.com | Jul 31 2023 21:11:00 | CAINE & WEINER, PO BOX 55848, SHERMAN OAKS, CA 91413 |
| 24369580 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 31 2023 21:12:00 | CREDIT COLLECTION SERVIC, PO BOX 607, NORWOOD, MA 02062-0607 |
| 24369581 | | Email/Text: melinda@denefits.com | Jul 31 2023 21:10:00 | DENEFITS LLC, 16500 BAKE PKWY, IRVINE, CA 92618 |
| 24369582 | + | Email/Text: electronicbkydocs@nelnet.net | Jul 31 2023 21:12:00 | DEPT OF ED / NELNET, PO BOX 82561, LINCOLN, NE 68501-2561 |
| 24369583 | | Email/Text: consumers@fcsbpo.com | Jul 31 2023 21:11:00 | FIRST CREDIT SERVICES, 9 WILLS WAY BLDG 3, PISCATAWAY, NJ 08854 |
| 24369584 | + | Email/PDF: ais.fpc.ebn@aisinfo.com | Jul 31 2023 21:20:30 | FIRST PREMIER, 3820 N LOUISE AVE, SIOUX FALLS, SD 57107-0145 |
| 24369585 | + | Email/PDF: ais.fpc.ebn@aisinfo.com | Jul 31 2023 21:20:35 | FIRST PREMIER BANK, 3820 N LOUISE AVE, SIOUX FALLS, SD 57107-0145 |
| 24369587 | | Email/Text: brnotices@dor.ga.gov | Jul 31 2023 21:12:00 | Georgia Department of Revenue, 1800 Century Blvd NE Suite 910, Atlanta, GA 30345 |
| 24369586 | ^ | MEBN | Jul 31 2023 21:02:21 | Geico, One GEICO Plaza, Washington, DC 20076-0005 |
| 24369589 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jul 31 2023 21:11:00 | IRS, Centralized Insolvency Operations, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 24369590 | | Email/Text: JCAP_BNC_Notices@jcap.com | Jul 31 2023 21:12:00 | JEFFERSON CAPITAL SYSTEM, 16 MCLELAND RD, SAINT CLOUD, MN 56303 |

| District/off: 113E-9 | User: bncadmin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jul 31, 2023 | Form ID: pdf589 | Total Noticed: 29 |

| 24369592 | + | Email/PDF: resurgentbknotifications@resurgent.com | Jul 31 2023 21:20:21 | LVNV FUNDING LLC, PO BOX 1269, GREENVILLE, SC 29602-1269 |
| 24369593 | + | Email/Text: bankruptcy@marinerfinance.com | Jul 31 2023 21:11:00 | MARINER FINANCE, 8211 TOWN CENTER DR, NOTTINGHAM, MD 21236-5904 |
| 24369595 | + | Email/Text: ext_ebn_inbox@navyfederal.org | Jul 31 2023 21:12:00 | NAVY FEDERAL CR UN, 820 FOLLIN LN, VIENNA, VA 22180-4907 |
| 24369596 | | Email/Text: bankruptcy@republicfinance.com | Jul 31 2023 21:12:00 | REPUBLIC FINANCE, 875 MANSELL RD STE G, ROSWELL, GA 30076 |
| 24369598 | + | Email/PDF: gecsedi@recoverycorp.com | Jul 31 2023 21:08:36 | SYNCB/CARE CREDIT, PO BOX 71757, PHILADELPHIA, PA 19176-1757 |
| 24370363 | | Email/Text: USAGAN.Bankruptcy@usdoj.gov | Jul 31 2023 21:12:00 | United States Attorney, Northern District of Georgia, 75 Ted Turner Drive SW, Suite 600, Atlanta GA 30303-3309 |
| 24369603 | + | Email/Text: inchargehq@westcreekfin.com | Jul 31 2023 21:13:00 | WEST CREEK FINANCIAL DBA, 4951 LAKE BROOK DR, GLN ALLEN, VA 23060-9274 |
| 24369604 | + | Email/Text: bk@worldacceptance.com | Jul 31 2023 21:12:41 | WORLD FINANCE CORPORATIO, PO BOX 6429, GREENVILLE, SC 29606-6429 |

TOTAL: 20

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 02, 2023    Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Karen King | on behalf of Debtor Angela Marie Farmer myecfkingnking@gmail.com;EcfmailR62760@notify.bestcase.com |

TOTAL: 1